UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

LARRY FREEMAN,

    Plaintiff,

    v.                                                            Case No. 09-C-0947

MICHAEL J. ASTRUE,

    Defendant.

ORDER DENYING MOTION TO ENTER JUDGMENT REVERSING THE
COMMISSIONER'S DECISION WITH REMAND TO THE AGENCY (DOC. #12)

        The Social Security claim at issue in this case was filed almost sixteen years ago and involves an alleged disability occurring no later than December 31, 1973, almost forty years ago. This appeal is the *third* time plaintiff Larry Freeman's claim for Disability Insurance Benefits (DIB) has been before a district judge in the Eastern District of Wisconsin. Freeman is now seventy years old. His claim is of post-traumatic stress disorder following his Vietnam conflict military service which ended in 1966. Even though Freeman applied for DIB in May 1995, when he was fifty-four, the claim now covers a closed period of time, as Freeman began receiving Social Security retirement payments at age sixty-five.

        Freeman applied for DIB on May 22, 1995. His insured status for DIB eligibility expired on December 31, 1973. Thus, to be entitled to DIB he has to establish that he was disabled on or before that date.

        Administrative Law Judge Patrick D. Halligan issued his first decision of denial on October 27, 1997, following a hearing. (Tr. 17-33.) The Appeals Council reviewed the appeal de novo and issued its decision on January 6, 2000, finding that as

of December 31, 1973, Freeman had no severe impairment. (Tr. 5-8.) On June 11, 2001, District Judge Thomas J. Curran sent the case back to the agency, citing to errors in the ALJ's assessment of medical evidence, analysis of whether Freeman's employment in 1978 was an unsuccessful work attempt, and assessment of Freeman's credibility. (Tr. 394-96, 374-92.)

On remand ALJ Halligan held another hearing. He issued his second decision of denial on May 20, 2002, finding that Freeman was not disabled because he could return to his past employment on an automobile assembly line. (Tr. 343-59.) The Appeals Counsel denied review on July 12, 2005, making the ALJ's decision the final decision of the Commissioner. (Tr. 328-31.) On July 27, 2006, District Judge J.P. Stadtmueller remanded the case to the agency, finding the agency failed to establish the demands of Freeman's past relevant work, failed to explain how it determined residual functional capacity (RFC), and improperly barred Freeman from testifying about the onset of his symptoms before 1973. (Tr. 625-47.)

On remand, another ALJ, Margaret O'Grady, was assigned the claim. She, too, held a hearing. (Tr. 658-84.) ALJ O'Grady, also, denied the claim, issuing her decision on January 25, 2008. She found that Freeman retained the RFC for medium exertion work with occasional stooping and crouching, limited to unskilled, simple, low-stress, routine, repetitive work with no public contact and only occasional interaction with coworkers. Based on this RFC, ALJ O'Grady held that Freeman could perform his past relevant work as an assembler and, alternatively, could perform a significant number of jobs in the economy. (Tr. 615-23.) The Appeals Council denied review on July 30, 2009, making the ALJ's decision the final decision of the Commissioner. (Tr. 602-04.)

2

The third time was not the charm. The Commissioner now admits that the ALJ again erred. (Def.'s Reply at 6.) Instead of filing his response brief, the Commissioner moved to remand the case under sentence four of 42 U.S.C. § 405(g). Understandably, the plaintiff, after so many years, opposes the motion and seeks an outright award of benefits. Further proceedings could test the patience of Job.

In his motion, the Commissioner does not specify what errors the ALJ committed, but a fair reading of the motion suggests that the Commissioner accepts Freeman's arguments that the ALJ failed to evaluate properly Freeman's testimony regarding his condition prior to January 1, 1973, and medical records, which Freeman maintains demonstrate unequivocally that he was disabled by December 31, 1973. (Mot. at 4.) Further, a reading of Judge Stadtmueller's decision and ALJ O'Grady's decision reveals that although Judge Stadtmueller directed the Commissioner to establish the demands of Freeman's past relevant work and explain how it determined his RFC, ALJ O'Grady discussed in her opinion neither the specific demands of Freeman's past relevant work nor how she came to her RFC determination.

The Commissioner promises that "upon remand, the ALJ will obtain medical expert testimony to further evaluate the nature and severity of Plaintiff's mental and physical impairments as of his date last insured. Further, as appropriate, the ALJ will proceed through the sequential evaluation process, which will include considering Plaintiff's testimony and evaluating his RFC." (*Id.* at 6.) This court is unpersuaded that another opinion, from someone who has never examined Freeman, about Freeman's condition almost forty years ago, will add much to the evidence in the file. Moreover, the Administration has thrice been given the opportunity to proceed through the sequential

3

evaluation process and evaluate RFC, yet has not done so properly, even after court direction.

Generally, if the district court reverses an ALJ's decision the appropriate remedy is a remand for further proceedings or consideration. "However, there are two exceptions to the general rule: (1) where the record overwhelmingly supports a finding of disability; and (2) where the delay involved in repeated remands has become unconscionable, or the agency has displayed obduracy in complying with the law as set down by the court." *Worzalla v. Barnhart*, 311 F. Supp. 2d 782, 800 (E.D. Wis. 2004) (Adelman, J.); *Rohan v. Barnhart*, 306 F. Supp. 2d 756, 770-74 (N.D. Ill. 2004); *see Wilder v. Apfel*, 153 F.3d 799, 801-04 (7th Cir. 1998). The first exception permits an outright award of benefits only if there is an adequate record and no unresolved, essential factual issues. *See Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993). The second exception, applied in *Worzalla*, involved an eleven year old claim that had been through three administrative hearings; in *Rohan*, where the ALJs committed egregious errors even after two remands by the district court and proceedings spanning eleven years, and *Wilder*, where the ALJ on remand failed to acknowledge or follow the Seventh Circuit's directions. When both exceptions exist—the evidence identified by the ALJ to refute the claim is scant and the proceedings before the agency have been "over-long"—a district court has not hesitated to direct an award of benefits. *See Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000) (awarding benefits in a ten-year-old case with two administrative hearings, two appeals to district court, and one to the court of appeals, where the administrative record had been developed fully and the evidence as a whole indicated claimant was disabled and entitled to benefits); *Carrillo v. Bowen*, 636 F. Supp. 97, 101 (D. Ariz. 1986). The *Carillo*

court found that a claim pending for just three years, but had reached the district court on appeal three times, must be granted: "Any further action by the Secretary would only delay benefits to this claimant and be counterproductive. . . . The history of this Plaintiff's pursuit of benefits is over-long. Given the paucity of evidence which the Secretary has identified to refute the claim, 'this case has gone far enough.'" *Id.*

The Commissioner points to *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992), arguing that the proper course is a remand for further proceedings unless the record *compels* the conclusion that a claimant has established a legal entitlement to benefits. However, as recognized by at least one court of appeals, a case before the Attorney General regarding asylum, where the AG retains ultimate discretion, differs from the Social Security context, where an award of benefits is mandatory if the claimant is disabled. *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004). Further, *Wilder*, *Worzalla*, *Rohan*, and *Morales* post-date *Elias-Zacarias* and indicate that a remand for an award of benefits rather than further proceedings may be justified in a case that has dragged on for a decade or more and has bounced back and forth between the Administration and district court without proper resolution by the agency. A remand may be appropriate in a case that has been appealed once, such as *Campbell*, but not in a case that has been remanded twice and the Commissioner admits errors still exist. As noted by the *Rohan* court, the obduracy doctrine, i.e., the second exception from *Worzalla*, does not require that the record yield but one conclusion. 306 F. Supp. 2d at 774 n.3. Instead, the exception arises when substantial evidence to support the ALJ's decision does not exist and the only remaining question is whether to remand for further proceedings in a case of persistent errors by the Administration. *Id.* "[T]he Commissioner does not receive endless

5

opportunities to get it right." *Id.* (internal quotation marks omitted). Consequently, the Commissioner's motion will be denied. Therefore, this court will consider the case with respect to a possible award of benefits under either of the two exceptions noted in *Worzalla*. An award of benefits is not guaranteed at this time; the court merely determines that a remand for further proceedings should not be the course just because the Commissioner agrees to it.

Freeman is entitled to a full review on the merits to determine whether benefits should be awarded by this court under the first *Worzalla* exception. If upon consideration of Freeman's arguments and consideration of the full administrative record the court is unable to determine that a direct award of benefits can be made, Freeman will be no worse off (except for some additional delay, which this court will seek to minimize) than a remand for further proceedings, as admitted by the Commissioner.

As to the obduracy exception, the record in this appeal is not complete. Hence, the Commissioner will be given the opportunity to discuss why the obduracy exception should not apply in this sixteen-year-old case in which the ALJ in the third decision failed to address the concerns of Judge Stadtmueller. In other words, why does the Commissioner deserve a fourth opportunity to get it right?

Although the Commissioner chose to file a motion to remand rather than a brief when it was due, the court will permit the Commissioner another chance to respond with a brief on the merits and on the obduracy exception. Therefore,

IT IS ORDERED that the Commissioner's motion to remand for further proceedings (Doc. #12) is denied.

IT IS ORDERED that any response brief by the Commissioner is due within thirty days of the date of this order; Freeman may file a reply brief within fourteen days of the date of receipt of the Commissioner's brief. The page limits set forth in the court's order of November 6, 2009, apply to this case notwithstanding the general increase of page limitations by the court since that date.

The parties should notify the court promptly if either chooses not to submit a further brief, so the court can proceed more promptly to the merits of Freeman's appeal and consideration of the obduracy exception. Of course, the parties are encouraged to consider and pursue resolution of the plaintiff's appeal without the need for a court decision on the merits.

Dated at Milwaukee, Wisconsin, this 28th day of March, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE